IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARBOR HEALTHCARE SYSTEM, | CASE: 4:18-cv-03195 |
| Plaintiff, | |
| v. | Judge Andrew S. Hanen |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's September 10, 2018 Order Setting Conference [Dkt. 3], Plaintiff Harbor Healthcare System, L.P. ("Plaintiff") and the United States of America ("Defendant" or the "United States") (collectively, the "Parties") jointly file this Joint Discovery/Case Management Plan in advance of the Court's January 24, 2019 Initial Conference.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Counsel for the Parties conferred via telephone on January 9, 2019. The attorneys participating on the call were Samuel Doran, BakerHostetler LLP, for Plaintiff, and Brad Gray, Assistant United States Attorney, Southern District of Texas, for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff's Position: Plaintiff alleges that the government executed unlawfully general search warrants against its property, seizing a vast number of documents outside the scope of any properly framed warrant, and which collected attorney-client privileged communications and attorney

work product. Plaintiff has reason to believe that these privileged communications were not properly screened by a "taint team." Plaintiff further alleges that it is entitled to the return of the property under Federal Rule of Criminal Procedure 41(g).

Defendant's Position: The United States contends that the search warrants at issue were properly authorized and executed, and the documents were properly seized. Moreover, the Plaintiff's concerns with the treatment of potentially privileged information have been assuaged due to the use of a "taint team." In any event, the Plaintiff's remaining concerns may ultimately be addressed through the review framework outlined by the Court at the December 4, 2018 hearing. *See* Response to No. 22, *infra*. The United States further contends that "return" of the property is unwarranted because the Plaintiff currently has copies of the seized information in its possession.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff's Position: Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . in the district where the property was seized." A motion filed pursuant to Rule 41(g) is "properly construed . . . as a civil complaint under the court's general equity jurisdiction." *Bailey v. United States,* 508 F. 3d 736, 738 (5th Cir. 2007); *see also Hunt v. Dep't of Justice*, 2 F. 3d 96, 97 (5th Cir. 1993). *See also United States v. Ibrahim*, 522 F.3d 1003, 1005 (9th Cir. 2008) ("The district court had jurisdiction [over Rule 41(g) motion for return of property] pursuant to 28 U.S.C. § 1331. . . .").

5. **Name the parties who disagree and the reasons.**

   Defendant's Position: The United States acknowledges that the Court *may* consider the Plaintiff's request pursuant to its general equitable jurisdiction. *See Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993) (citations omitted). However, the exercise of that jurisdiction is left to the Court's discretion, and may only be used in "extraordinary" circumstances after the Court exercises "caution and restraint." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (also outlining factors for when courts should decline jurisdiction). Here, as the United States will argue, that discretion is unwarranted and the case should be dismissed. *United States v. Search of Law Office, Residence, and Storage Unit*, 341 F.3d 404, 415 (5th Cir. 2003) (holding that plaintiff's pre-indictment challenge to seizure of documents, including purportedly privileged materials, should be dismissed because plaintiff cannot establish irreparable harm and because the plaintiff's requested remedy would

2

"imped[e] a grand jury investigation").

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None anticipated at this time.

7. **List anticipated interventions.**

   None anticipated at this time.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Neither party has exchanged initial disclosures.

   Plaintiff will submit its initial disclosures within 14 days after the Parties' Rule 26(f) conference, as required by Rule 26(a)(C).

   Defendant contends that, because discovery is not warranted in this case, the disclosures set forth in Rule 26(a) are inapplicable. *See* Response to No. 11, *infra*.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       Plaintiff's Position: At Number 22, *infra*, Plaintiff has set out its proposed plan for the review of returned documents, separate from the discovery to be conducted in this matter.

       Defendant's Position: The United States contends that the "discovery" in this matter should be limited to the production of documents addressed at the December 4, 2018 hearing. *See* Response to No. 11, *infra*.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant, no later than 30 days prior to the end of the discovery period.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

The United States contends that interrogatories are inappropriate in this action. *See* Response to No. 11, *infra*. Nevertheless, should the Court order that discovery commence, the United States reserves the right to send interrogatories to Plaintiff no later than 30 days prior to the end of the discovery period.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of the main fact witnesses prior to the end of the discovery period. Additional depositions may be necessary depending on the results of initial discovery efforts. Under Federal Rule of Criminal Procedure 41(g) the Court "*must* receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g) (emphasis added). Plaintiff submits that conducting a limited number of depositions is an efficient means of streamlining an evidentiary hearing before the Court.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

The United States contends that all discovery, including oral depositions, is inappropriate in this action. *See* Response to No. 11, *infra.* Nevertheless, should the Court allow discovery to commence, the United States reserves the right to take the oral depositions of the main fact witnesses proffered by Plaintiff prior to the end of the discovery period, along with any depositions that may be necessary depending on the results of any initial discovery efforts.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff agrees to designate its experts, if any, and provide its reports to Defendant by March 15, 2019.

      The United States contends that it is unnecessary for either party to utilize expert testimony in this case. *See* Response to No. 11, *infra.* Nevertheless, should the Court allow Plaintiff to present expert testimony, the United States reserves the right to designate responsive experts and provide its reports within four months after the Plaintiff provides its expert reports.

  **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

      Plaintiff anticipates taking the oral depositions of Defendant's experts, if any, prior to the end of the discovery period.

  **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

      The United States contends that it is unwarranted for either party to utilize expert testimony in this case. *See* Response to No. 11, *infra.* Nevertheless, should the Court allow Plaintiff to present expert testimony, the United States reserves the right to take the oral depositions of Plaintiff's experts, if any, prior to the end of the discovery period.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are not in agreement on the discovery plan.

<u>Plaintiff's Position</u>: Plaintiff is entitled to conduct discovery in this matter, because (1) this is a civil action governed by the Federal Rules of Civil Procedure (the "Rules") and (2) the Court "*must* receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g) (emphasis added), which evidence is necessary here.

As set out in Plaintiff's briefing, the Fifth Circuit is clear that a Rule 41(g) motion is construed as a civil complaint. *See Bailey,* 508 F. 3d at 738; *Hunt,* 2 F. 3d at 97. Other circuits have been equally clear that a Rule 41(g) motion is a civil complaint which is governed by the Rules:

> Tamer Adel Ibrahim (Tamer) appeals from the district court's denial of his motion for return of property, which he filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. There were no criminal charges pending at the time

5

> he filed the motion, so the district court treated it as a civil complaint governed by the Federal Rules of Civil Procedure.

*Ibrahim*, 522 F.3d at 1005. *See also Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) ("we treat [a Rule 40(g) motion] as a civil complaint"); *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) ("the court treats [a Rule 41(g)] motion for return of property as a civil action in equity").

Thus, as a civil complaint, this case is governed by the Rules. Fed. R. Civ. P. 1 ("These rules govern the procedure in *all civil actions and proceedings* in the United States district courts, except as stated in Rule 81.") (emphasis added). Indeed, the Rules specifically state that certain categories of actions are *not* governed by the Rules, including bankruptcy proceedings, habeas corpus proceeding, proceedings involving subpoenas, and other enumerated actions. *See* Fed. R. Civ. P. 81. Motions for return of property are not among Rule 81's exclusions—meaning that they are governed by the Rules. *See LaSalle Bank Nat. Ass'n v. Sleutel*, 289 F.3d 837, 841 (5th Cir. 2002) (invoking "the principle of statutory interpretation expressed as *inclusio unius est exclusio alterius*, meaning that we are to assume that the purposeful inclusion of certain terms implies the purposeful exclusion of terms that are absent"); *In re Bouchie*, 324 F.3d 780, 784 (5th Cir. 2003) (relying on "the well-known canon *inclusio unius est exclusio alterius*").

The Rules provide for discovery, as set out generally in Rule 26, including oral depositions, as governed by Rule 30, and written interrogatories, as governed by Rule 33. Discovery here should proceed in accordance with the Rules.

Further, the Court "*must* receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g) (emphasis added). In this case, there are a number of factual issues that must be resolved for the Court to decide the motion. For example, the conduct of the taint team and its alleged filter review of the seized documents is crucial to resolving Plaintiff's privilege concerns—and Plaintiff cannot offer the evidence that the Court must receive without conducting discovery. Such discovery goes only to the issues raised in Plaintiff's Motion for Return of Property, and not into the merits of the underlying criminal investigation.

<u>Defendant's Position</u>: The United States contends that civil discovery of any sort is inappropriate in this action for the return of seized property under Fed. R. Crim. P. 41(g). That rule provides that the Court may review evidence "on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). Where, like here, there are no factual issues germane to the

issues under consideration (*i.e.*, how to handle the privilege review of seized emails whose existence and nature is not in factual dispute), it is unnecessary for the Court to consider extraneous factual evidence—or for the parties to conduct any discovery at all. *See United States v. Snyder*, 304 Fed. Appx. 971, 973 (3d Cir. 2008) (noting that the presentation of evidence is required "only in those cases where it is 'necessary to decide the motion,'" and a motion under Fed. R. Crim. P. 41(g) may be decided by affidavit).

Moreover, even if there were factual matters relevant to the resolution of this case, the discovery sought by Plaintiff would intrude into the inner workings of an ongoing criminal investigation in which indictments have not yet been issued—something that is highly improper and would be warranted only in the most extreme circumstances. Indeed, such discovery would likely be barred by the law enforcement privilege. *See In re United States Dept. of Homeland Security*, 459 F.3d 565, 568–69 (5th Cir. 2006) (recognizing that the privilege exists to "protect from release documents relating to an ongoing criminal investigation"); *see also* 28 C.F.R. § 16.26(b) (providing for non-disclosure where "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures").

At the very least, the commencement of discovery should be delayed until the parties have worked out the process for the review of documents as contemplated during the December 4, 2018 hearing. To the extent necessary, the United States is willing to brief these issues following the initial conference.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    The parties disagree whether discovery should be completed at all, and have not agreed upon a date by which discovery could be completed. Plaintiff submits that fact discovery in this lawsuit can reasonably be completed by March 29, 2019.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   The Parties discussed the nature of the matters under consideration, and the fact that a prompt settlement of the case does not appear to be possible at this time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The Parties have exchanged correspondence, engaged in meetings, and held a post-hearing telephone conference to resolve the dispute. The Parties have not been able to resolve their dispute.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   Alternative dispute resolution techniques are not reasonably suitable here.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The Parties do not consent to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

   There is no jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

   The Parties disagree that evidence in this case should be presented.

   Plaintiff anticipates that evidence in this case should be completed in 1-2 days. Plaintiff submits that deposition testimony taken in advance of the hearing will substantially shorten the time required to put on live testimony, if not eliminate the need for live testimony entirely.

   The United States contends that an evidentiary hearing in this case is unwarranted.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Plaintiff's Position: At a December 4, 2018 hearing, the Court proposed a rolling return of seized documents for Plaintiff to review for privilege and make scope objections.

    Plaintiff believes the Court's procedure may resolve the dispute regarding privileged material. Plaintiff will review all of the material seized and prepare a privilege log. Defendant will then review the privilege log and, if necessary, submit challenges for the Court's determination. Defendant will then return all copies and destroy any work product derived from the privileged documents.

    Plaintiff respectfully submits that the Court will still need to address the general search warrant and overbreadth issues. Defendant maintains its position that the investigative team may review all of the material outside of the scope and retain documents outside the scope under the plain view exception. Moreover, preparing a log of objections to scope for each one of the millions of documents seized is unduly burdensome. Plaintiff will, as directed, submit representative scope objections for the first two custodians to give the Court a sense of the massive volume of material outside the scope of any properly defined warrant. Plaintiff has further proposed to Defendant that Plaintiff review the documents returned and produce non-privileged material that is within the scope to Defendant on a rolling basis.

    Moreover, Plaintiff requests that the Court hold a hearing after the conclusion of discovery to determine the prejudice from the intrusions into the attorney-client privilege that have already occurred. Defendant has made inconsistent statements as to the extent of investigative team review of seized material, and Plaintiff reasonably suspects that the investigative team may be tainted.

    Defendant's Position: The United States suggests that the Plaintiff's contentions above go to the merits of the controversy, and do not necessarily need to be addressed at the initial conference. The United States nevertheless agrees that it is possible that the framework outlined by the Court at the December 4, 2018 hearing may resolve the privilege concerns— a factor that weighs in favor of at least deferring discovery, if the Court is unwilling to hold at this time that discovery is unwarranted in its entirety.

The United States intends to comply with the proposal outlined by the Court at that hearing, and is in the process of producing documents to Plaintiff's counsel for their independent privilege review. As also directed by the Court at the hearing, the United States will provide the Court with updates on the production process.

On the "overbreadth" issue, however, the United States fundamentally disagrees that the Plaintiff's counsel should get to decide in the first instance which non-privileged documents are relevant to the government's ongoing criminal investigation. The United States reserves the right to counter the representative "scope" objections leveled by Plaintiff.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>Counsel for Plaintiff:</u>

Edmund W. Searby
Ohio Bar No. 006745
Admitted *pro hac vice* in SDTX
SEARBY LLP
Suite 210N
30195 Chagrin Blvd.
Cleveland, Ohio 44124
Tel: (216) 591-2613
esearby@searby.law

Gregory S. Saikin
Texas Bar No. 24051281
SDTX No. 3099089
Samuel E. Doran
Texas Bar No. 24095762
SDTX No. 2639082
BakerHostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: (713) 646-1399
gsaikin@bakerlaw.com
sdoran@bakerlaw.com

<u>Counsel for Defendant:</u>

Michelle Zingaro
Assistant United States Attorney
Texas Bar No. 12345500

Federal Bar No. 14463
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9512
Michelle.Zingaro@usdoj.gov

--and--

Bradley R. Gray
Assistant United States Attorney
SDTX: 2827958
SBN: 24097759
1000 Louisiana, Suite 2300
Houston, TX 77002
Tel: 713.567.9599
Fax: 713.718.3300
Brad.gray@usdoj.gov

Respectfully submitted,


/s/ Edmund W. Searby
Edmund W. Searby
Ohio Bar No. 006745
Admitted pro hac vice in SDTX
SEARBY LLP
Suite 210N
30195 Chagrin Blvd.
Cleveland, Ohio 44124
Tel: (216) 591-2613
esearby@searby.law

Gregory S. Saikin
Texas Bar No. 24051281
SDTX No. 3099089
Samuel E. Doran
Texas Bar No. 24095762
SDTX No. 2639082
BakerHostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: (713) 646-1399
gsaikin@bakerlaw.com
sdoran@bakerlaw.com

11

**Counsel for Plaintiff Harbor Healthcare System L.P.**

*/s/ Bradley R. Gray*
Michelle Zingaro
Assistant United States Attorney
(Attorney-in-Charge)
Texas Bar No. 12345500
Federal Bar No. 14463
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9512
Michelle.Zingaro@usdoj.gov

--and--

Bradley R. Gray
Assistant United States Attorney
SDTX: 2827958
SBN: 24097759
1000 Louisiana, Suite 2300
Houston, TX 77002
Tel: 713.567.9599
Fax: 713.718.3300
Brad.gray@usdoj.gov

**Counsel for Defendant United States of America**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2019, the foregoing document was filed electronically via the Court's electronic filing system. Additionally, the foregoing document was sent via electronic mail to AUSA Christopher Tortorice (Chris.Tortorice@usdoj.gov) and AUSA Brad Gray (Brad.gray@usdoj.gov).

*/s/ Samuel E. Doran*